**In re Ronald S. MIDKIFF, Bonnie L. Midkiff, Debtors.**

**Bankruptcy No. 2–86–04962.**

United States Bankruptcy Court, S.D. Ohio, E.D.

March 8, 1988.

Charles D. Underwood, Columbus, Ohio, for debtors.

James C. Lewis, III, Columbus, Ohio, for Bank One.

Frank M. Pees, Worthington, Ohio, Chapter 13 trustee.

## ORDER ON MOTIONS TO DISMISS CASE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon two motions seeking to dismiss the Chapter 13 case of Ronald and Bonnie Midkiff. The first motion, filed by the Chapter 13 Trustee ("Trustee"), seeks to have this case dismissed for failure of the debtors to make the payments required by their confirmed plan. The other motion, filed by Bank One, Columbus, NA ("Bank One"), seeks dismissal not only for the debtors' material default in the terms of their plan, but also for unreasonable delay, prejudicial to creditors. The debtors opposed both motions and the matter was heard by the Court.

The Court has jurisdiction in this proceeding under 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

Because this matter involves issues relating to procedures to be followed in certain hearings and allocation of burdens of proof, this opinion is intended not only to decide this particular matter, but also to establish guidelines for parties involved with similar motions in other Chapter 13 cases before this Court.

The debtors, Ronald and Bonnie Midkiff, proposed a Chapter 13 plan which was confirmed by this Court on April 20, 1987. That plan provides for the payment of $70.00 each week to the Chapter 13 trustee for payment of 100% of all allowed secured and unsecured claims. On November 18, 1987 the Trustee filed a motion seeking to dismiss this case, alleging that the debtors had not made payments since October 22, 1987 and that dismissal should be ordered pursuant to 11 U.S.C. § 1307(c)(6). By written opposition, the debtors challenged the Trustee's assertions concerning the specific amounts for which their plan was in default and set forth lost employment as the reason for their failure to make all required payments to their plan.

Bank One, in its motion of January 14, 1988, states that it has not received any distributions from the Trustee on account of its allowed claim in this case since June 10, 1987. Such failure to receive distributions is cited by Bank One as evidence of a material default in the plan causing unreasonable prejudice to its position. On that basis, Bank One seeks dismissal pursuant to 11 U.S.C. §§ 1307(c)(1) and (6).

At the hearing on this matter, the Trustee arose, stated that he was resting on his motion, and indicated that, despite repeated requests, he had no current employment information from the debtors. When pressed by the Court as to when the debtors had last paid into the plan, he revealed that his records showed a payment of $70.00 in January of 1988 and no payment prior to that date since August 17, 1987. Although the 1988 date is subsequent to the filing of the Trustee's motion, the August, 1987 date differs from that in the documentation attached to the motion. There was some confusion about the exact amount of arrearage, but upon request, the Trustee indicated that he thought $668.00 in additional arrearage had accrued since his motion to dismiss was filed.

Bank One had no additional evidence to supplement the Trustee's presentation, but stated that its representative, who was present, could verify that Bank One had not received payments from the Trustee under this plan since June, 1987. Bank One also stated that the debtors had not made any full monthly payments under the terms of their plan.

The debtors were present at the hearing only through substitute counsel, and no other witnesses were present to offer any evidence on their behalf. The attorney representing the debtors stated that he had copies of several money orders which were not reflected in the Trustee's calculations. The portions of those money orders where actual payment would have been indicated were not included, however. Because all information necessary to establish payment of the money orders was not available, the Trustee objected to the introduction into evidence of such partial documentation without identification by a witness. That objection was sustained by the Court.

The Court often holds hearings on parties' motions seeking to dismiss Chapter 13 cases for failure of the debtors to maintain payments into their plans on a current basis. It is often difficult to ascertain the exact status of such plans at the time of the hearings to determine whether or not material default has occurred. For that reason, the Court directs parties seeking dismissals pursuant to 11 U.S.C. § 1307(c)(6) and debtors opposing such dismissals, to proceed in the following manner.

When dismissal is sought by the Trustee, the Trustee must present to the Court, by detailed oral statement, exactly how much the debtors' plans are in default at the time of the hearing. As the Trustee in this district is generally unrepresented

by counsel and is not an attorney, the Court finds that the Trustee may make statements on his own behalf, under oath, by summarization from his business records. However, such testimony must be definitive and must fully inform the Court of the total monies paid into the plan, the amounts which should have been paid under the terms of the order confirming the plan, and the exact amount by which the obligation under a plan to date exceeds the payments actually received. Those facts do not have to be in written form, but may be given orally. The calculations however, must be current as of the date of the hearing on the motion. The Trustee may not merely stand on his motion because, without specific evidence subject to cross-examination if contested, the Court cannot find the extent of the default.

In the same vein, when a creditor seeks the dismissal, the creditor must present evidence of default similar to that required of the Trustee by way of introduction into evidence of the Trustee's records. If the creditor's motion also involves proof of its failure to receive payments under the plan, then a representative of the creditor will be required to establish facts necessary for such finding.

In defense of motions seeking to dismiss their cases where the amount of default is disputed, debtors must present evidence which permits the Court to find the default. If the debtors agree that amounts established by the movant indicate a material default, they may, by evidence, attempt to persuade the Court why such a material default should not be cause to dismiss the case. Whether the amount of default established by the evidence or agreed between the parties is material is a legal issue, however, to which argument of counsel or the Trustee can be directed without testimony.

Without evidence in support of such motions as described herein, movants will not prevail on motions to dismiss when presented to this Court. However, if movants present the required facts and the debtor does not counter such evidence, then the Court's only decision will be whether the default, as established, is sufficiently material that the plan should be dismissed.

Based upon the foregoing, the Court hereby finds that neither Bank One nor the Trustee have established the amount of default into this plan such that the Court may decide if such default is material. Therefore, despite the debtors' failure to introduce evidence in opposition, the Court cannot find that material default has been shown sufficient to cause dismissal of this case. Neither can the Court find unreasonable delay, prejudicial to creditors. Without such findings, the motions of the Trustee and of Bank One are DENIED.

IT IS SO ORDERED.