In re Carlys K. KRUEGER and Martha Lou Krueger, dba Krueger's Entertainment, Debtors.

GREAT PACIFIC MONEY MARKETS, INC., Jack Winer, Domus Equities, Inc., a California Corporation, Appellants,

v.

Carlys K. KRUEGER and Martha Lou Krueger, dba Krueger's Entertainment, Appellees.

BAP No. CC–87–1619 JVMo.
Bankruptcy No. SAX 86–03717JR.
Adv. No. SA 86–0845–JR.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 17, 1988.

Decided June 23, 1988.

Gregory L. Bosse, Santa Ana, Cal., for appellants.

Burton Ward, Burton H. Ward, LaHabra, Cal., for appellees.

## OPINION

Before JONES, VOLINN and MOOREMAN, Bankruptcy Judges.

JONES, Bankruptcy Judge:

The creditor, Great Pacific Money Markets, Inc., appeals a bankruptcy court order voiding a foreclosure sale. For the reasons set forth below, we AFFIRM.

## FACTS

On July 9, 1986, the Debtors, Carlys and Martha Kreuger, filed a petition for relief under Chapter 13 of the Bankruptcy Code. The filing stayed a foreclosure sale scheduled for July 10, 1986 by the Appellant, Great Pacific Money Market, Inc. ("Great Pacific"). Great Pacific was the beneficiary of a deed of trust on the Debtors' residence, securing a promissory note in the amount of $80,000.

Pursuant to 11 U.S.C. § 341, the first meeting of creditors was held on August 14, 1986. At that meeting the Chapter 13 trustee notified the Debtors' attorney that various amendments to the plan were necessary. Immediately prior to the plan confirmation hearing on August 18, 1986, the Debtors' attorney handed the trustee certain papers purporting to be the required amendments to the plan. At the time, it was the bankruptcy court's practice to excuse debtor's counsel from appearing at confirmation hearings if no objections to confirmation had been filed. Believing the amendments to the plan to be in order, the Debtors' attorney left the court.

When Judge Pagter called the Debtors' case, neither the Debtors nor their attorney were present. Only Jack Winer, the president of Great Pacific, and the trustee were present. At that hearing, the trustee in-

formed the court that the amendments to the plan were unsatisfactory. The trustee and Mr. Winer also pointed out that there were problems with the manner in which the bankruptcy had been noticed. After a short exchange with Mr. Winer, the judge continued the hearing to September 15, 1986, stating:

> The matter will be continued to September 15th at 1:30 P.M., 2:00 P.M., I'm sorry. I wonder if that's going to be enough time for Mr. Goldstein [Debtors' attorney] to give 25 days notice. You might give him a call and make sure he gets it out.

No notice of the continued hearing was given to the Debtors or their counsel. In subsequent testimony the trustee has indicated that she thought that the court's order to give notice was directed to Mr. Winer. Mr. Winer contends that he similarly thought that the judge was not addressing him.

The continued confirmation hearing was held on September 15, 1986. No appearance was made by the Debtors, their counsel or Mr. Winer. Upon the trustee's motion, the court dismissed the case for failure to amend the plan as requested. The order dismissing the case was entered on September 18, 1986.

Unbeknownst to the Debtors or their counsel, the foreclosure sale, initially scheduled for July 10, 1986, had been rescheduled to August 14, 1986, then to August 26, 1986, and finally to October 1, 1986. The sale was conducted on October 1, 1986. Great Pacific purchased the property with a credit bid. On October 4, 1986, Mr. Winer called the Debtors and advised them that the foreclosure sale had been held and requested a voluntary turnover of the home.

In the interim, on September 18, 1986, the Debtors were informed by the trustee that their bankruptcy had been dismissed. On October 6, 1986, Debtors' counsel appeared before Bankruptcy Judge Elliott on an ex-parte hearing to vacate Judge Pagter's order of dismissal and to void the foreclosure sale.[1] Judge Elliott, without stating the basis for his decision, vacated the order dismissing the bankruptcy and reinstated the bankruptcy case effective September 15, 1986. However, Judge Elliott stated that he could not set aside the foreclosure sale on an ex-parte basis, and that the Debtors would have to bring a separate action to do so.

On October 10, 1986 the Debtors filed a complaint to set aside the foreclosure sale. The trial on the complaint was held on January 8, 1987, before Bankruptcy Judge Ryan. On February 6, 1987, Judge Ryan entered an order accompanied by a memorandum decision, voiding the sale and reverting property to the Debtors.[2] In the memorandum decision Judge Ryan noted that Judge Elliott's order reinstating the bankruptcy did not give retroactive effect to the automatic stay, thereby causing the foreclosure sale to be a violation of the automatic stay. Judge Ryan concluded, however, that pursuant to 11 U.S.C. section 105(a) a court has the equitable power to unwind a foreclosure sale. Here, due to the creditor's bad faith in failing to notify the Debtors that the plan confirmation hearing had been continued, and due to the lack of due process, Judge Ryan concluded that the exercise of his equitable powers was appropriate. Great Pacific appealed.

On appeal, Great Pacific argues that because the case had been dismissed, the bankruptcy court lacked jurisdiction over the Debtors' property at the time the foreclosure sale took place and, therefore, the court could not exercise its section 105(a) equitable powers to set aside the sale. Great Pacific also argues that the appeal is moot because the property has been sold. Finally, Great Pacific argues that the record does not support the bankruptcy court's finding that Mr. Winer's conduct amounted to bad faith.

## DISCUSSION

1. *The Effect of Judge Elliott's Order Vacating the Order Dismissing the Case.*

■ One of the arguments advanced by the Debtors below was that Judge Pagter's

---

1. Mr. Winer was given telephonic notice of the hearing and appeared at the hearing.

2. Judge Ryan's memorandum decision is reported at 69 B.R. 845.

order dismissing the case was void because they had been deprived of due process in that they had not been notified that the confirmation hearing had been continued. We agree. Pursuant to 11 U.S.C. section 1307(c), a Chapter 13 case can only be dismissed "after notice and a hearing". That section provides:

> (c) Except as provided in subsection (e) of this section, on request of a party in interest and after notice and a hearing, the court may convert a case under this Chapter to a case under Chapter 7 of this title, or may dismiss a case under this Chapter, whichever is in the best interest of creditors and the estate, for cause, including . . .

11 U.S.C. section 1307(c). The Code provides that "after notice and a hearing" means: "such notice as is appropriate in the particular circumstances and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. section 102(1)(A). Although the concept of "notice and a hearing" is a flexible one, *see In re Blumer*, 66 B.R. 109, 113 (9th Cir.BAP 1986), it was clearly inappropriate under the circumstances of this case for the Debtors to be uninformed of the hearing at which their bankruptcy was dismissed. Thus, the requirements of section 1307 were not met in this case.

Moreover, notice is not only a statutory requirement, but a constitutional requirement as well. *See Blumer*, 66 B.R. at 113. The due process clause of the Fifth Amendment requires that due process be provided before property can be taken. *Id. See also In re Gregory*, 705 F.2d 1118, 1122–23 (9th Cir.1983) (acknowledging that notice of a Chapter 13 confirmation hearing must meet due process standards). "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Here, because the Debtors were not informed that their confirmation hearing had been rescheduled, they clearly were not afforded due process.

An order is void if it is issued by a court in a manner inconsistent with the due process clause of the Fifth Amendment. *See, e.g., Blumer*, 66 B.R. at 113; *In re Whitney–Forbes, Inc.*, 770 F.2d 692 (7th Cir. 1985) (citing 11 C. Wright and A. Miller, *Federal Practice and Procedure*, section 2862, page 200, (1973)). Accordingly, in this case Judge Elliott properly vacated the dismissal order that had been issued in violation of the Debtor's due process rights.

■ After hearing argument on the trial to set aside the sale, Judge Ryan concluded that although Judge Elliott's order reinstated the case effective September 15, 1986 (the date of the continued confirmation hearing), the reinstatement order could not give retroactive effect to the automatic stay. Judge Ryan stated:

> Is the foreclosure sale affected by Judge Elliott's order? I don't think so. The foreclosure sale proceeded in accordance with California law. There was no violation of the automatic stay because the foreclosure sale took place after Judge Pagter's dismissal order and before Judge Elliott's reinstatement order. Judge Elliott's order cannot give retroactive effect to the automatic stay and thereby cause the foreclosure sale to be a violation of the automatic stay. Therefore, the foreclosure sale is not affected by Judge Elliott's action.

69 B.R. at 847. We disagree with this analysis. In our view, because the order dismissing the case was void, the stay was continuously in effect from the date the petition was filed. Therefore, the foreclosure sale was held in violation of the stay. Acts taken in violation of the automatic stay are generally deemed void and without effect. *Kalb v. Feuerstein*, 308 U.S. 433, 443, 60 S.Ct. 343, 348, 84 L.Ed. 370, 376 (1940); *In re Sambo's Restaurants, Inc.*, 754 F.2d 811, 816 (9th Cir. 1985); *In re Albany Partners Ltd.*, 749 F.2d 670, 675 (11th Cir.1984). Accordingly,

the foreclosure sale should have been set aside on this basis.

The Panel concludes that the order dismissing the case was void for lack of due process. Therefore, the stay was continuously in effect from the time of the filing of the petition and the foreclosure sale was held in violation of the stay. Accordingly, the bankruptcy judge correctly set aside the foreclosure sale.[3]

### 2. *Mootness of the Appeal.*

 Great Pacific argues that this appeal is moot because the foreclosure sale has occurred and the Panel can, therefore, offer no effective relief. This argument is without merit. As a general rule, once the automatic stay is lifted, a debtor's failure to obtain a stay pending appeal renders an appeal moot after assets in which the creditor had an interest are sold. *See, e.g., In re Onouli–Kona Land Co.*, 846 F.2d 1170, 1171 (9th Cir.1988); *Algeran, Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 1423–24 (9th Cir.1985). However, "[b]ankruptcy's mootness rule operates only when a purchaser [buys] an asset in good faith." *Onouli Kona*, 846 F.2d at 1173 (citing *Algeran*, 759 F.2d at 1424–25). Here, the bankruptcy court found that Great Pacific had acted in bad faith in failing to notify the Debtors that the confirmation hearing had been continued. Great Pacific argues that this finding is not supported by the record. We disagree. Bad faith is a finding of fact and will not be set aside unless clearly erroneous. *See, e.g., In re Thirtieth Place, Inc.*, 30 B.R. 503 (9th Cir.BAP 1983). A finding is clearly erroneous if, after a review of the record, the appellate court is left with a firm and definite conviction that error has been committed. *In re Kurdoghlian*, 30 B.R. 500, 501 (9th Cir.BAP 1983). A review of the transcript of the August plan confirmation hearing confirms Judge

Ryan's finding that Judge Pagter's instruction to give the Debtors notice of the continued hearing was directed at Mr. Winer. Thus, Judge Ryan did not err in concluding that Mr. Winer's failure to give notice was the principal cause of the foreclosure sale. Because Great Pacific did not purchase the property in good faith, this appeal is not moot.[4]

We AFFIRM.

---

**3.** Because the foreclosure sale was void, we do not reach the issue of whether 11 U.S.C. section 105 empowers a bankruptcy court to set aside a foreclosure sale.

**4.** Even in the absence of bad faith, this appeal might not be moot. As noted previously, the order dismissing the case was void because it was obtained in violation of the Debtors' due process rights. In *Onouli–Kona* the Ninth Circuit emphasized that the need for "finality" in bankruptcy orders is the "dominant rationale" behind application of the mootness rule. *Id.* 846 F.2d at 1172. Where, however, the order lifting the stay is void, the concept of finality would seem to be inapposite.