**In re Joanne M. WESTON, dba Weston Enterprises, Debtor.**

**Joanne M. WESTON, Appellant,**

**v.**

**Robert & Ferol RODRIGUEZ, Appellees.**

**Civ. No. S–88–1441 MLS.**

United States District Court, E.D. California.

Dec. 12, 1989.

---

Joanne M. Weston, Mt. Shasta, Cal., pro. per.

Robert & Ferol Rodriguez, Orland, Cal., pro. per.

## MEMORANDUM OF DECISION AND ORDER

MILTON L. SCHWARTZ, District Judge.

This case is before the court on debtor's appeal from orders of the United States Bankruptcy Court, Eastern District of California in Bankruptcy Case No. 286–05445–B–11. Appellant is Joanne M. Weston appearing *in propria persona*. Appellees are Robert and Ferol Rodriguez appearing *in propria persona*.

Appellant seeks review of orders of the bankruptcy court on a number of grounds which are enumerated below. Prior to the hearing on the appeal, the court ordered the matter submitted on the papers pursuant to Local Rule 230(h). The court, having considered the arguments in the papers submitted on this appeal, now renders its decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In January 1980, appellees loaned $80,000 to appellant. The loan was secured by appellant's real property. Later, the parties filed several actions in state court including a foreclosure action by appellees.

On March 15, 1985, appellant filed a Chapter 11 bankruptcy case ("Weston Bankruptcy I"). On January 14, 1986 the bankruptcy court, *sua sponte*, entered an order dismissing Weston Bankruptcy I. No stay of this order was obtained, although appellant moved for reconsideration; the motion was taken under submission on February 19 and subsequently denied on February 27. In the meantime, on February 24 appellees proceeded with foreclosure sales in state court pursuant to the dismissal order, and thereby obtained title

to the two real property parcels in question.

On March 3, 1986 appellant filed a notice of appeal of the order dismissing Weston Bankruptcy I but did not obtain a stay pending appeal. On May 20, 1988 the Bankruptcy Appeals Panel ("BAP") reversed the bankruptcy court's dismissal and reinstated Weston Bankruptcy I.

While Weston Bankruptcy I was on appeal, appellant filed a second bankruptcy case ("Weston Bankruptcy II") on October 24, 1986. The court lifted the automatic stay so that appellees could proceed with an unlawful detainer action on the property to which they had gained title by foreclosure. Appellant appealed the order lifting the stay.

On January 12, 1988 appellant and appellees entered into a settlement agreement in which appellees quitclaimed to appellant their interest in appellant's home and appellant quitclaimed to appellees her interest in the commercial property.[1] In addition, appellant agreed to dismiss two pending state court actions and agreed to withdraw a *lis pendens* in order to wind up all proceedings. Appellees agreed to dismiss a cross-complaint in the state court action and to withdraw their opposition to appellant's bankruptcy action. Appellees fully complied with the settlement agreement including quitclaiming to appellant their interest in appellant's home. Appellant has made several attempts to rescind and unwind the settlement agreement, including challenging the approval of the settlement on numerous grounds in the instant appeal.

On May 24, 1988 appellant filed a *lis pendens* on the commercial property to which appellees had received title by the foreclosure action. On June 8, the bankruptcy court granted appellees' motion to expunge the *lis pendens*. On June 9, appellant filed another *lis pendens* on the commercial property. On June 28, the court granted appellees' motion to expunge the second *lis pendens*.

---

1. Appellant did not have any interest in the commercial property since appellees had obtained title to the property by foreclosure but appellees apparently thought it prudent to request a quitclaim of any interest that appellant might claim.

Meanwhile, appellant filed a motion for an order vacating the order approving the settlement and compromise. The bankruptcy court denied appellant's motion on September 13, 1988 and found that the settlement agreement was fair and equitable in all respects and binding on all parties and that to the extent the settlement agreement dealt with real property, it was appellees' real property and not subject to the bankruptcy court's jurisdiction. Appellant then appealed this decision. When appellees objected to the appeal to BAP, the appeal was transferred to this court.

This court issued two orders in this case after transfer here. First, appellees were originally represented by John Bessey of Hefner, Stark and Marois. On August 11, 1989 this court granted the motion of Hefner, Stark & Marois to be relieved as counsel of record. Second, appellant's *ex parte* motion to stay proceedings in the underlying bankruptcy cases pending this court's review of her appeal was denied because appellant failed to show that the estate would be irreparably injured if a stay were not granted.

Appellant alleges on appeal that:

1) Appellees' motion for approval of compromise and settlement was not brought in compliance with Bankruptcy Rule 9019;

2) The bankruptcy court disregarded the debtor/appellant's notice of rescission and her opposition when it granted the motion for approval of compromise and settlement;

3) The bankruptcy court improperly granted appellees' motion for approval of compromise and settlement;

4) The bankruptcy court abused judicial procedure by failing to analyze whether the settlement was in the estate's best interest;

5) The bankruptcy court did not have jurisdiction to consider the motion for approval of compromise and settlement because an appeal was pending before BAP;

6) The bankruptcy court did not have jurisdiction to grant the motions to expunge the *lis pendens;*

7) The creditor/appellees' "clear violations of the stay provisions" were ignored by the bankruptcy court;

8) The bankruptcy court could not issue an order relating to the real property because it did not have jurisdiction;

9) The bankruptcy judge improperly issued orders without submitting proposed findings and conclusions to the district court for *de novo* review;

10) The bankruptcy court disregarded the legal effect of a motion to amend or alter judgment under Fed.R.Civ.P. 59(e) throughout the proceedings;

11) The bankruptcy court did not have the power to expunge the filed *lis pendens* on the property since the property was still part of the estate pursuant to appellant's theory that the automatic stay did not terminate;

12) The bankruptcy judge abused his discretion by saying that the *lis pendens* filing was "not only improper, but perhaps contemptuous misconduct;" and

13) The bankruptcy judge's statement as set forth above was threatening and therefore the statement violated her due process rights.

## II. STANDARD OF REVIEW

■ An appellate court reviews a bankruptcy court's conclusions of law *de novo,* and it reviews the bankruptcy court's findings of fact under the clearly erroneous standard. *In re Comer,* 723 F.2d 737, 739 (9th Cir.1984). The bankruptcy court's order approving a trustee's application to compromise a controversy is reviewed for an abuse of discretion. *In re A & C Properties,* 784 F.2d 1377, 1380 (9th Cir.1986).

## III. DISCUSSION

### A. *The Automatic Stay Terminated upon Dismissal.*

Although not emphasized in appellant's statement of issues, a key issue in these appeals is whether appellees' foreclosure on the real property which secured a loan from appellees to appellant violated the automatic stay. Appellant's argument ap-

**456**

pears to be that the automatic stay of Weston Bankruptcy I continued during the time she was appealing the dismissal since the dismissal was reversed and the case was reinstated. She appears to argue that the dismissal was null and void and therefore the automatic stay never lapsed. However, appellant cites no authority for this argument.

The issue of whether the automatic stay is effective between the time of dismissal of a bankruptcy case and the granting of a reversal on appeal appears to be a question of first impression in the Ninth Circuit. However, one circuit and other courts have addressed the issue.

The Bankruptcy Code provides for an automatic stay of proceedings until the earlier of the time the case is closed or the time the case is dismissed. 11 U.S.C. § 362(c)(2). The code states that the effect of a case dismissal is to revest the property of the estate in the entity in which the property was vested immediately before the commencement of the case under this title. 11 U.S.C. § 349(b)(3). The legislative body intended that this provision "undo the bankruptcy case, as far as practicable, and restore all property rights to the position in which they were found at the commencement of the case." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 338 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 48–49 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News, 5787, 5835, 6294. Moreover, the bankruptcy rules provide that a debtor can obtain a stay pending appeal. 11 U.S.C. Rule 8005.

The legislative history and structure of the code indicates that dismissal of a case should terminate the automatic stay. The comments say that a dismissal is intended to put the parties in the place in which they were before the bankruptcy case was filed.

Moreover, since the drafters included provisions for a stay pending appeal, the code's structure indicates that the drafters considered that certain decisions were final. Therefore, the drafters wanted to provide the debtor with a method of forestalling the effects of a final decision by allowing the debtor a stay pending appeal.

In *In re De Jesus Saez*, 721 F.2d 848 (1st Cir.1983), the court addressed a factual situation similar to the one in this case. On May 11, 1981 the bankruptcy court dismissed the debtor's Chapter 13 petition for failure to prosecute the bankruptcy. On May 13, the debtor filed a motion for reconsideration. Despite the motion for reconsideration, a previously scheduled auction of the debtor's residence took place. The bankruptcy court later granted the motion for reconsideration and held that the sale was in violation of the ten-day period provided in Bankruptcy Rule 762.[2] The Court of Appeals reversed and held that the automatic stay plainly terminates upon dismissal of the petition giving rise to the stay. *In re De Jesus Saez*, 721 F.2d at 851.

Similarly, in our case appellant's bankruptcy case was dismissed. Appellant did not obtain a stay pending appeal. Appellees proceeded with their foreclosure action. Therefore, as in *In re De Jesus Saez*, the foreclosure action did not violate the automatic stay because the stay was not in effect at the time the foreclosure took place.

The tax court addressed the issue of when an order of dismissal terminates a bankruptcy case's automatic stay provision for proceedings before the tax court. *Olson v. Commissioner*, 86 T.C. 1314 (1986). The petitioners argued that their bankruptcy petition was not dismissed until their appeal was denied and therefore the automatic stay was in effect during the appeal.

**2.** Bankruptcy Rule 762 is substantially similar to, and has been replaced by Bankruptcy Rule 7062. Rule 7062 states that Rule 62 of the Federal Rules of Civil Procedure applies in bankruptcy cases. Rule 62 provides in pertinent part:

(a) Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry. Unless otherwise ordered by the court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal.

The court held that "absent any order pursuant to Rule 8005, R.B.P., staying the dismissal, the automatic stay terminates upon dismissal." *Olson*, 86 T.C. at 1318. The court said that the automatic stay is an impermanent "breathing spell" that terminates on dismissal of the case. *Id.* Accordingly, the Bankruptcy Code reflects this basic rule by requiring that a party obtain a stay pending appeal of a judgment of the bankruptcy court. *Id.*

The tax court's discussion supports the argument that the Bankruptcy Code's structure suggests an intent that a dismissal be final—thus terminating the automatic stay—because the code provides the debtor with a procedure to suspend the effect of a final decision. In our case, appellant's case was dismissed and the automatic stay terminated. Although Bankruptcy Rule 8005 allows a party to seek a stay pending appeal, appellant did not avail herself of this provision and, therefore, the foreclosure sale did not violate the automatic stay. If there are deficiencies in the foreclosure sale itself, her remedies would be in state court.

The Ninth Circuit BAP touched on this issue once in *In re Krueger*, 88 B.R. 238 (9th Cir. BAP 1988). There, the debtor filed amendments to the bankruptcy plan but was not present at the confirmation hearing. The trustee did not notify the debtor that he would object to the amendments. The court continued the hearing and instructed the creditor to notify the debtor of the continuance. The creditor failed to notify the debtor of the continuance and the case was dismissed on the trustee's motion for failure to amend the plan as requested. Soon after the dismissal the creditor held a sale of the security. BAP held that the original order dismissing the case was void [3] because it was in violation of the debtor-appellee's due process rights to notice. *In re Krueger*, 88 B.R. at 241–42. Furthermore, BAP held that because the original order dismissing the case was void, the stay was in effect continuously from the date the petition was filed. *Id.*

The *Krueger* case is distinguishable from the instant action. In our case, the bankruptcy judge held a hearing on his order to show cause why the case should not be dismissed on December 2, 1985. Therefore, appellant was given notice and a hearing before the case was dismissed. This is not a case where appellant was denied an opportunity to be heard before the dismissal. Appellant knew the case was dismissed and filed a motion for reconsideration soon after the dismissal. Appellant could have availed herself of the provision for a stay pending appeal. Moreover, appellant does not allege due process violations with respect to the dismissal order nor are any uncovered upon review of the case. Therefore, the instant case is distinguishable and *Krueger* does not apply.

As a result of the foregoing analysis, the court concludes that the automatic stay terminated upon dismissal of Weston Bankruptcy I, and the subsequent foreclosure sale by appellees was not in violation of the automatic stay.

### B. *Real Property Issues are Moot.*

The general rule is that an appeal is moot when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets. *In re Onouli–Kona Land Co.*, 846 F.2d 1170, 1171 (9th Cir. 1988). This rule developed from: (1) the general rule that an occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot; and (2) the particular need for finality in orders regarding stays in bankruptcy. *In re Onouli–Kona Land Co.*, 846 F.2d at 1172 (quoting *Algeran Inc. v. Advance Ross Corp.*, 759 F.2d 1421, 1424 (9th Cir. 1985)).

There are two exceptions where the general rule is inapplicable. First, there is a narrow exception to the general rule when real property is sold to a creditor who is a party to the appeal and the sale is subject to statutory rights of redemption.

---

**3.** The BAP concluded that the order dismissing the case was void for lack of due process. In the instant case, the order dismissing Weston Bankruptcy I was not void for lack of due process.

*In re Onouli–Kona Land Co.*, 846 F.2d at 1173. In the present case the property was sold non-judicially and therefore it is not subject to the statutory right of redemption.[4] Therefore, this exception is inapplicable.

■ The second exception is that the mootness rule operates only when the purchaser bought an asset in good faith. *Id.* Lack of good faith is defined as "fraud, collusion ... or an attempt to take grossly unfair advantage of other bidders." *Id.* Appellant does not allege that appellees did not act in good faith but rather she alleges that they clearly violated the stay provision. This allegation seems to be premised on the argument that the automatic stay was still in effect, whereas, as discussed above, the automatic stay was terminated. Because appellant does not allege that the purchase was not in good faith, and because there is no evidence that appellees acted with a lack of good faith, the mootness rule controls.

■ The bankruptcy court entered an order dismissing the case. The dismissal order permitted appellant's property to be sold by non-judicial foreclosure. Appellant did not obtain a stay pending appeal of the dismissal order. Because the property was non-judicially foreclosed and sold when there was no stay in effect, the property was not part of the estate. Therefore, assuming *arguendo* that appellant's arguments have merit, the matters relating to the real property are moot because the real property was sold when no stay was in effect. Consequently, this court is unable to grant appellant effective relief.

C. The Bankruptcy Court had Jurisdiction to Approve the Settlement and Compromise Agreement.

The bankruptcy court issued an order granting appellees' motion for approval of compromise and settlement on March 29,

1988. Appellant argues that the bankruptcy court did not have jurisdiction to grant the motion because of her pending appeal of the dismissal of Weston Bankruptcy I. As discussed above, the real property was not property of the estate and the bankruptcy court did not have jurisdiction over the real property. However, the debtor had two actions pending in state court. These state causes of action *were* property of the estate, and therefore we must consider whether the bankruptcy court had jurisdiction to approve the settlement and compromise.

■ A trial court is generally divested of jurisdiction when a matter is on appeal unless the decision is a collateral matter such as the expungement of a *lis pendens*. *In re Thatcher*, 24 B.R. 764, 766 (Bankr.E. D.Cal.1982). The order approving the settlement and compromise in the instant case was issued on March 29, 1988. At that time appellant's appeal of the dismissal of Weston Bankruptcy I was still pending. Weston Bankruptcy I was not reinstated and consolidated with Weston Bankruptcy II until May 20, 1988. Weston Bankruptcy II was still pending in the bankruptcy court at the time the motion for approval of the settlement and compromise agreement was brought before the bankruptcy court. Therefore, insofar as the court approved the compromise of state causes of action which were property of the estate, the court had jurisdiction to approve the compromise.

D. The Bankruptcy Court's Approval of the Settlement was not an Abuse of Discretion.

■ A bankruptcy court's order approving an application to compromise a controversy is reviewed for an abuse of discretion. *In re A & C Properties*, 784 F.2d at 1380. The settlement must be reasonable, given the particular circumstances of the case. *Id.* (citing *In re Equity Funding*

---

**4.** The parties do not state nor do they argue that the foreclosure was a judicial foreclosure subject to the statutory right of redemption. However, the record indicates that the sale was by non-judicial foreclosure because: 1) appellant did not attempt to exercise her statutory right of redemption; 2) there is no record of a court appointed commissioner selling the property in accordance with California Code of Civil Procedure § 726; and 3) there is no record of appellees having sought a deficiency judgment from appellant.

*Corporation of America,* 519 F.2d 1274, 1277 (9th Cir.1975)). The court must find that the compromise is fair and equitable. *Id.* When making this determination the court must consider the following factors:

(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re Woodson,* 839 F.2d 610, 620 (9th Cir.1988).

In the present case, the bankruptcy court issued an order granting an approval of the compromise and settlement on March 29, 1988. The primary assets of the estate were claims against various parties. Because appellant's real property had been foreclosed and sold at a time when no stay was in effect, the property previously owned by appellant was not property of the estate. The bankruptcy court made findings of fact and conclusions of law in its denial of appellant's Motion for an Order Vacating the Order Approving the Settlement and Compromise in its order entered September 13, 1988. These findings of fact and conclusions of law should be sufficient to establish a record for review of the approval of the settlement since these findings detail the factors considered in upholding the original approval.

First, in making its factual determinations, the bankruptcy court considered that appellant agreed to dismiss two pending state court actions and agreed to withdraw a *lis pendens* in both cases in order to wind up all proceedings. Second, the court considered that appellees agreed to dismiss a cross-complaint in the state action and to withdraw their opposition to appellant's bankruptcy action.[5] Third, the court also considered that the real property had been foreclosed by appellees at a time when there was no stay in effect. Fourth, the

court considered the numerous proceedings that were before the court. Fifth, the court noted that appellees, as part of the settlement agreement, would quitclaim their interest in appellant's home (to which appellees had received title in the foreclosure action). Finally, in reaching its conclusion of law, the bankruptcy court found that the settlement agreement was fair and equitable.

Based on the record, there is sufficient evidence to support a conclusion that the settlement agreement was fair and equitable and in the best interests of the estate. The bankruptcy case embodied a three-year-old controversy with numerous proceedings before the court. Appellees agreed to: (1) quitclaim to appellant their ownership interest in appellant's home which they had received by foreclosure; and (2) forego state actions against appellant. In exchange, appellant agreed to forego state actions against appellees. Considering all of the circumstances surrounding the controversy, a conclusion that the settlement was fair and equitable was a reasonable conclusion by the bankruptcy court; therefore, it cannot be said that the bankruptcy court abused its discretion.

E. The Bankruptcy Court had Jurisdiction to Expunge the Debtor's Lis Pendens.

Generally, once a matter is appealed, the trial court loses jurisdiction to rule on matters before the appellate court. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 59, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982). However, the issue of expunging a *lis pendens* is collateral to issues determined in the underlying action and does not fall within the limitation on jurisdiction when an appeal has been taken. *In re Thatcher,* 24 B.R. 764, 766 (Bankr.E.D.Cal.1982). Therefore, the bankruptcy court had jurisdiction to expunge the *lis pendens* recorded by appel-

---

5. Appellees also had an unlawful detainer action against appellant pending in state court. The parties agreed to stipulate to a judgment in favor of appellees, granting them possession of

the commercial property in accordance with the parties' agreement that appellees would be given a quitclaim deed to the commercial property.

lant because the *lis pendens* was collateral to the matters on appeal.

As discussed above, the real property was not property of the estate because it had been foreclosed at a time when no stay was in effect. Therefore, the bankruptcy court's order expunging appellant's *lis pendens* should not be disturbed. Moreover, a *lis pendens* may be issued by

> the clerk, or the judge if there is no clerk ... or an attorney of record in the action may sign and issue a notice of pendency of action, or the person causing the notice of the pendency of the action to be recorded may obtain certification from the court in which the action is pending that an action concerning real property or affecting the title or the right of possession of real property has been filed between the named parties.

Cal.Civ.Proc.Code § 409(b). Appellant is not an attorney and therefore could not be the "attorney of record." The code provides that a person may request the court to issue a notice of pendency of action or the person may obtain a certification of the pendency of action. In the instant action, appellant did not request the court to issue a notice of pendency of action nor did appellant obtain certification from the court.

The court may expunge a *lis pendens* on motion of an interested party unless the party recording the *lis pendens*

> shows to the satisfaction of the court, by a preponderance of the evidence, that ... the action does affect title to or right of possession of the real property described in the notice.

Cal.Civ.Proc.Code § 409.1. A trial court's decision to expunge a *lis pendens* is reviewed for an abuse of discretion. *Mason v. Superior Court*, 163 Cal.App.3d 989, 994, 210 Cal.Rptr. 63 (1985); *see also Malcolm v. Superior Court*, 29 Cal.3d 518, 521, 174 Cal.Rptr. 694, 629 P.2d 495 (1981). It cannot be said that the bankruptcy court abused its discretion when it granted appellees' motion to expunge the *lis pendens* since the real property was no longer property of the estate and, therefore, there was not an action pending relating to the property. Moreover, appellant did not follow prescribed procedure in recording the *lis pendens*. *See McKnight v. Superior Court*, 170 Cal.App.3d 291, 303, 215 Cal. Rptr. 909 (1985).

Appellant also contends that the bankruptcy judge abused his discretionary powers when he wrote in his order denying appellant's motion to vacate the expungement that the recording of the *lis pendens* was "not only improper, but perhaps contemptuous misconduct." Appellant charges that this comment was an attempt to intimidate her and in violation of her due process rights. These charges are meritless and do not warrant discussion.

Accordingly, the court concludes:

1. That the automatic stay terminated upon dismissal of Weston Bankruptcy I and the subsequent foreclosure sale of appellant's property was not in violation of the automatic stay;

2. That matters on appeal relating to the real property are moot because the real property was sold when no stay was in effect and this court is unable to grant appellant effective relief;

3. That the bankruptcy court had jurisdiction to approve the settlement and compromise agreement between appellant and appellees because Weston Bankruptcy II was still pending when the motion for approval was brought before the bankruptcy court;

4. That the bankruptcy court did not abuse its discretion when, considering the circumstances surrounding the controversy, it approved the settlement and compromise agreement; and

5. That expungement of a *lis pendens* is collateral to issues determined in the underlying action and therefore the bankruptcy court had jurisdiction to expunge appellant's *lis pendens*.

As a consequence of the foregoing, the orders of the bankruptcy court are affirmed.

IT IS SO ORDERED.