In re Robert E. BLACK, Jr.,
Debtor–Appellant.

No. IP 94–4 C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Jan. 4, 1995.

Edward B. Hopper II, Bamberger & Feibleman, Indianapolis, IN, for plaintiff.

Robert A. Brothers, Indianapolis, IN, for defendant.

## MEMORANDUM ENTRY

BARKER, Chief Judge.

This matter is before the Court on the appeal of Debtor–Appellant Robert E. Black, Jr., of the Bankruptcy Court's Order of December 21, 1993, dismissing his chapter 13 Case. For the reasons stated below, Black's appeal is denied.

Black filed for chapter 13 bankruptcy in 1992. A payment plan was submitted and confirmed. However, Black defaulted on the chapter 13 plan when he failed to make scheduled payments. The Bankruptcy Court placed Black's bankruptcy on probationary status and instructed the Trustee to submit an order dismissing Black's case "in the event future plan payments were not timely made to the trustee without satisfactory explanation." On December 21, 1993, after having been informed by the Trustee that Black had again failed to make timely payments, the Bankruptcy Court dismissed Black's case.

The standard which this Court must apply when reviewing decisions of the Bankruptcy Court is set forth in Rule 8013 of the Federal Rules of Bankruptcy Procedure:

On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be

given to the opportunity of the bankruptcy court to judge the credibility of witnesses. Therefore, this Court is required to accept the Bankruptcy Court's findings of fact unless they are clearly erroneous. *In re Excalibur Auto. Corp.,* 859 F.2d 454, 457 n. 3 (7th Cir.1988). However, the Bankruptcy Court's conclusions of law are reviewed de novo. *Id.*

■ Black appeals the dismissal, contending that he was denied his due process rights when the case was dismissed without a hearing. This is a purely legal issue and, therefore, the dismissal will be reviewed de novo. According to 11 U.S.C. § 1307(c), a chapter 13 bankruptcy case may only be dismissed "after notice and a hearing." However, as used in § 1307(c), the phrase "after notice and a hearing" does not necessarily mean that a hearing is required:

> "after notice and a hearing," or a similar phrase ... authorizes an act without an actual hearing if such notice is given properly and if ... such a hearing is not requested timely by a party in interest....

11 U.S.C. § 102(1)(B); *see also* 11 U.S.C. § 103(a) (applying 11 U.S.C. § 102 to chapter 13 bankruptcies); 5 *Collier on Bankruptcy* ¶ 1300.12[1] (1993) (describing "after notice and a hearing" as "a concept of ... elastic design"). "[Section 102(1)] reinforces the authority of bankruptcy judges to handle their cases in a speedy and expeditious manner." *In re Orr,* 170 B.R. 395, 398 (E.D.Mo. 1994).

■ Black bases his entire argument on the fact that he did not get a hearing. Black does not dispute the fact that he received notice from the Bankruptcy Court that his case was going to be dismissed if he missed another payment without adequate explanation. Such notice was sufficient for the purposes of 11 U.S.C. § 1307. *In re Garcia,* 115 B.R. 169, 170 (Bankr.N.D.Ind.1990) (where a previous order of the bankruptcy court clearly advised the debtor what was expected of him and identified the consequences of fail-

ure to fulfill those obligations, adequate notice of possible dismissal was given). Black offers no proof that he requested a hearing or in any way asked the Bankruptcy Court to consider any explanation for why he again failed to make a scheduled payment. Therefore, the Bankruptcy Court was not required to provide Black with a hearing before dismissing his case. 11 U.S.C. § 102(1)(a).[1]

Black directs the Court to *In re Krueger,* 88 B.R. 238 (9th Cir. BAP 1988) as support for his contention that the dismissal should be overturned. However, *Krueger* is distinguishable. In *Krueger,* the debtors did not receive any notice of the hearing on the contested chapter 13 plan (in fact, the debtors' attorneys received no notice that there were even objections to the plan). *Id.* at 240. Because there was not proper notice, 11 U.S.C. § 1307 was not satisfied; "because the Debtors were not informed that their confirmation hearing had been rescheduled they clearly were not afforded due process." *Id.* at 241. In the instant case Black had adequate notice that the Bankruptcy Court intended to dismiss his case if he missed another payment without explanation. Therefore, *Krueger* has no impact on Black's appeal.

For the reasons stated above, Black's appeal is denied. The decision of the Bankruptcy Court dismissing Black's case is AFFIRMED.

It is so ORDERED.

---

1. Black does not make the conceptually and legally distinct argument that the Bankruptcy Court had insufficient cause to dismiss Black's case. *See In re Midkiff,* 85 B.R. 467 (Bankr.S.D. Ohio 1988) (setting out the requisite showing for dismissal based upon material default in a chapter 13 case). Even if Black had made such an argument, he has submitted nothing to the Court which would indicate that the Bankruptcy Court's findings of fact in deciding the dismissal were clearly erroneous.