Bryan Thomas MILLIREN, Debtor.

Bryan Thomas Milliren, Appellant,

v.

Lisol Milliren, Appellee.

BAP No. MB 07–044.
Bankruptcy No. 05–30237–WCH.

United States Bankruptcy Appellate Panel
for the First Circuit.

April 17, 2008.

Mark W. Miller, Newton, MA, on brief for Appellant.

D. Ethan Jeffery, Boston, MA, on brief for Appellee.

Before VOTOLATO, CARLO, and TESTER, United States Bankruptcy Appellate Panel Judges.

TESTER, Bankruptcy Judge.

The Debtor appeals from the bankruptcy court order (the "Order") denying his Motion for Finding of Automatic Stay Violation and for Enforcement of the Automatic Stay (the "Motion for Finding of Stay Violation"). For the reasons set forth below, we affirm.

## BACKGROUND

The Debtor filed a chapter 7 petition on December 19, 2005. His former spouse, Lisol Milliren (the "Claimant"), has filed claims which the Debtor disputes. On February 14, 2007, the bankruptcy court granted the Claimant relief from stay to pursue non-estate assets, namely the Debtor's retirement account(s) and post-petition wages. Thereafter, on March 13, 2007, the Claimant filed suit in the Essex Probate and Family Court (hereinafter "Probate Court") seeking to find the Debtor in civil contempt for failure to make payments under a promissory note and for failure to comply with a December 6, 2005 Probate Court contempt order. The Debtor opposed the action on the grounds that the Probate Court was without authority to alienate the Debtor's 401(k). At that time the Debtor did not raise the issue of a stay violation. Thereafter, the Probate Court entered an order finding the Debtor in civil contempt for failure to make payments under the note and committing him to jail until frill payment of $124,000 to the Claimant was satisfied.

On May 29, 2007, Debtor filed an appeal of the Contempt Order in the Massachusetts Court of Appeals on the grounds that the Probate Court did not have the authority to compel the Debtor to liquidate his 401(k). The following day, Debtor filed with the bankruptcy court the Motion for Finding of Automatic Stay Violation and for Enforcement of the Automatic Stay, arguing that the Probate Court order violated the automatic stay because it required the Debtor to liquidate estate assets or be committed to jail. The Debtor argued that although his 401(k) held $124,000, its liquidation value was approximately $67,782.37 due to taxes and penalties, and therefore compliance with the Probate Court order would require liquidation of estate assets.

The Claimant filed an objection, which stated, among other things, that she would consent to a request that the Probate Court modify its order to reduce the purge amount from $124,000 to the reasonable liquidation proceeds of the Debtor's 401(k) and IRA. The bankruptcy court held a hearing, during which the court noted that the Claimant had indicated she was willing to agree to a modification of the Probate Court order, and that the Debtor could seek a stay of the Probate Court order pending his appeal to the Massachusetts Appeals Court. The bankruptcy court denied the Motion for Finding of Stay Violation, explaining; "I think any relief that you need you're going to have to get from the Probate Court and not from me, because I handed off to them when I signed that order on February 14th." The Debtor timely appealed the Order denying the Motion for Finding of Stay Violation.

## JURISDICTION

 A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724 (1st Cir. BAP 1998). A bankruptcy appellate panel may hear appeals from "final judgments, orders and decrees [pursuant to 28 U.S.C. 158(a)(1) ] or with leave of the court, from interlocutory orders and decrees [pursuant to 28 U.S.C. 158(a)(3) ]." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Id.* at 646 (citations omitted). Here, the bankruptcy court order concluded that the Claimant had not violated the automatic stay. Such an order is final and appealable. *See Lomagno v. Salomon Bros. Realty Corp. (In re Lomagno)*, 429 F.3d 16 (1st Cir.

2005) (reviewing bankruptcy court order that held foreclosure sale did not violate automatic stay.)

### STANDARD OF REVIEW

■ Appellate courts generally review findings of fact for clear error and conclusions of law *de novo*. *See TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 719 n. 8 (1st Cir.1994).

### DISCUSSION

Our analysis of the facts and travel in this case reveals that Appellant's argument to this Panel is in essence an impermissible attack on the Probate Court order which is barred under the doctrine of res judicata or claim preclusion. This conclusion alleviates the necessity of any further examination of Appellant's arguments.

■ One aspect of the doctrine of res judicata, or claim preclusion, bars relitigation of issues fully litigated and determined in a prior action. *See Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26 (1st Cir.1994); *In re Ellis*, 345 B.R. 11 (Bankr.D.Mass.2006). The doctrine prevents a plaintiff from suing on a claim that has already been decided and also prevents a defendant from raising any new defense to defeat the enforcement of an earlier judgment. In res judicata, the first judgment is conclusive not only on all matters which actually *were* litigated, but on all matters which *could* have been litigated. A judgment in a prior suit between the same parties is final not only as to all matters that were in fact offered and received to sustain or defeat the claim but also as to all matters that might have been offered for that purpose. In other words, a party may not litigate a claim and then, upon an unsuccessful disposition, revive the same cause of action under a new theory. *See Grella*, 42 F.3d at 30–31. This doctrine evolved out of the need for the prevention of legal harassment and to prevent the abuse of legal resources. *See* 28 U.S.C. § 1738. "Section 1738 cannot be viewed as a jurisdictional statute withdrawing power from the federal courts, rather it is a codification of a venerable limit upon the discretion of courts to exercise their power." *See Brown v. Chastain*, 416 F.2d 1012 (5th Cir.1969).

■ A party seeking to preclude an action on the basis of claim preclusion must persuade the court that these essential elements are present: (1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both suits. *Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F.2d 3, 6 (1st Cir. 1992). Once these elements are established, as they are in the case before us, "claim preclusion also bars the relitigation of any issue that was, *or might have been,* raised in respect to the subject matter of the prior litigation." *Dennis v. Rhode Island Hosp. Trust*, 744 F.2d 893, 898 (1st Cir.1984) (emphasis in original); *Grella*, 42 F.3d at 30. The arguments raised by Appellant in this appeal could have been and should have been litigated during the state Probate Court proceedings.

■ Federal courts considering the preclusive effect of issues determined in a prior litigation are required to give to the earlier proceedings the same preclusive effect as would be given pursuant to the laws of the state or jurisdiction where the prior proceedings were conducted. The preclusive effect of a state court judgment in a federal proceeding is governed by state law. *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 914–15 (9th Cir. 1993); *see also,* 28 U.S.C. § 1738. "If the requirements for claim preclusion are met,

the judgment precludes a claim not only as to the issues actually resolved but to all matters germane to the general issue which could or might have been litigated therein." *In re Ellis*, 345 B.R. at 18.

The Panel is of the opinion that the facts and arguments raised by Appellant in this appeal fall squarely within the above mentioned requirements to find claim preclusion, where the Appellant seeks a review of the bankruptcy court's determination that the Probate Court was the only appropriate forum in which to litigate the validity of the Probate Court's contempt order. If as the Debtor contends, the Probate Court order exceeded the liquidation value of non-estate assets, the Debtor was required to raise that defense before the Probate Court. The bankruptcy court was barred from allowing a relitigation of the issues presented, or which could have been litigated, between Debtor and Claimant, and ruled accordingly.

### CONCLUSION

For the reasons discussed above, the Panel concludes that the bankruptcy court neither abused its discretion nor committed reversible error in determining that the May 10, 2007 Probate Court order did not violate the automatic stay. Therefore, the rulings and the orders appealed are **AFFIRMED,** and the appeal is **DISMISSED.**