Claudinei DESOUZA, Debtor.

Claudinei DeSouza, Appellant.

BAP No. MW 12–091.
Bankruptcy No. 11–40315–MSH.

United States Bankruptcy Appellate Panel
of the First Circuit.

June 14, 2013.

Carmenelisa Perez–Kudzma, Esq., Weston, MA, on brief for Appellant.

Before DEASY, KORNREICH, and TESTER, United States Bankruptcy Appellate Panel Judges.

PER CURIAM.

The debtor, Claudinei DeSouza, appeals the bankruptcy court's determination that certain probate court orders regarding alimony and contempt did not violate the automatic stay. For the reasons set forth below, we **REVERSE** and **REMAND** to the bankruptcy court for further proceedings consistent with this decision.

### BACKGROUND

The debtor filed a petition under chapter 13 of the Bankruptcy Code[1] in January 2011 and, shortly thereafter, he filed his schedules, statements, and a chapter 13 plan. His chapter 13 plan was a 36–month plan that called for payments of $89.00 per month. Payments on his mortgage and car loan were to be made outside of the plan.

In June 2011, the debtor's spouse filed a complaint for divorce. After a hearing on September 30, 2011, the probate court entered an order granting alimony to the debtor's spouse in the amount of $150.00 per week. When the debtor failed to make his alimony payments, his spouse started contempt proceedings and, after a trial in February 2012, the probate court entered an order of contempt. Thereafter, the contempt matter was continued day to day until June 1, 2012, when the debtor failed to appear at a hearing and the probate

court issued a capias directing an officer to take him into custody.

On June 18, 2012, the debtor filed an Amended Schedule J to include alimony payments of $600.00 per month. On June 28, 2012, the bankruptcy court confirmed the debtor's chapter 13 plan. The chapter 13 plan did not mention the debtor's alimony obligation, nor did it address how much was owed or how it was to be paid.

On December 5, 2012, the debtor was arrested pursuant to the capias, and he was brought before the probate court to answer for his failure to pay pursuant to the alimony and contempt orders. After a hearing, the probate court found the debtor in contempt for having "neglected and refused to pay alimony, the arrearage of which is fixed at $9,750.00 as of today." The probate court pointed out that the debtor had missed the June 1, 2012 hearing, and found that he had the ability to comply with the contempt order "through rental income," but he paid his mortgage instead. The probate court ordered the debtor to be incarcerated for thirty days unless he paid $5,000.00.[2] The debtor contends that he spent almost three weeks in prison before he could make the payment.

In the meantime, on December 7, 2012, the debtor, through counsel, filed an emergency motion seeking a determination regarding "the validity of entry and enforcement of a domestic relations order post petition." He argued that both §§ 362(b)(2)(B) and (b)(2)(C)[3] required the debtor's spouse to come first to the bank-

---

**1.** All references to the "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Code of 1978, as amended, 11 U.S.C. § 101, *et seq.*

**2.** The order does not indicate to whom the payment was to be made; we assume that it was to be made to his spouse.

**3.** As discussed later, § 362(b)(2)(B) provides that the automatic stay does not apply to

"collection of a domestic support obligation from property that is not property of the estate[.]" Section 362(b)(2)(C) provides that the stay does not apply with respect to the "withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute[.]"

ruptcy court to request an order authorizing the collection and enforcement of domestic support payments from property of the estate. He also asserted that § 362(b)(2)(C) was not applicable because "there was never any pre or post-petition withholding order." He claimed, therefore, that the alimony and contempt orders were null and void as they were entered in violation of the automatic stay, and that his incarceration was not warranted by law. He did not, however, seek any monetary damages for the alleged stay violation.

The bankruptcy court held a hearing on the motion on December 10, 2012. At the hearing, the bankruptcy court noted that the debtor's confirmed plan was a "36–month plan that calls for payments of about $90 a month." It also stated: "But it also assumes—and this is on Schedule J—that the debtor will be making the $150–a–week alimony payments to his spouse. So at [sic] the plan—it's not like the Probate Court's orders have interfered with the ability to make a plan because it's calculated in the payment." The bankruptcy court then looked to § 362, and considered the debtor's argument that because the alimony payments were to come from the debtor's post-petition income, which is property of the estate, the § 362(b)(2)(B) exception to the automatic stay did not apply. The bankruptcy court stated, however, that "notwithstanding 362(b)(2)(B), 362(b)(2)(C) goes even further than (B) and says [ . . . ] the upshot of (C) is that even post-petition earnings are not subject to the automatic stay to the extent that they are due under a judicial or administrative order." The bankruptcy court then noted two cases which determined that the earlier cases holding that relief from stay is necessary to enforce a domestic support order were effectively overruled by § 362(b)(2)(C), and that "Congress did not intend to automatically stay the collection of a domestic support obligation whether it arises from a pre or post-petition garnishment action from property of the estate or property of the debtor." (quoting *In re Gellington*, 363 B.R. 497, 502 (Bankr.N.D.Tex.2007), and citing *In re Friedberg*, No. 08–51245 (AHWS), 2009 WL 1292273, 2009 Bankr.LEXIS 1542 (Bankr.D.Conn. May 8, 2009)).

At the conclusion of the hearing, the bankruptcy court denied the motion, stating:

> I don't believe [ . . . ] under the facts of this case that what the spouse and the Probate Court did were in violation of the automatic stay. He was ordered to pay $150 a week to his wife. He built that into his Chapter 13. The Chapter 13 Trustee did not oppose that. The creditors are getting his net after he makes that payment to his wife. That's his post-petition income and I think that the Probate Court has every right to enforce its order under the circumstances. I'm not prepared to find that there's any kind of a stay violation or to interfere with the Probate Court's jurisdiction over this matter. I think that's clear from the language of the Code.

> So your client is out of luck. He's going to have to figure out a way to get out of jail himself. He has, as the saying goes, holds [sic] the key to his release. He's got to come up with the money.

This appeal followed.

### JURISDICTION

Ordinarily, we hear appeals from final bankruptcy court orders. *See* 28 U.S.C. § 158(a), (b), and (c). Generally, a bankruptcy court order determining whether there was a violation of the automatic stay is a final order. *See Slabicki v. Gleason (In re Slabicki)*, 466 B.R. 572, 577 (1st Cir. BAP 2012); *Milliren v. Milliren*

*(In re Milliren)*, 387 B.R. 72, 74 (1st Cir. BAP 2008); *see also Lomagno v. Salomon Bros. Realty Corp. (In re Lomagno)*, 429 F.3d 16 (1st Cir.2005). Accordingly, the order determining that the automatic stay did not apply in this instance is final for purposes of appeal, and we have appellate jurisdiction.

### STANDARD OF REVIEW

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo. See Lessard v. Wilton–Lyndeborough Coop. Sch. Dist.*, 592 F.3d 267, 269 (1st Cir.2010). Generally, a bankruptcy court's determination as to whether the automatic stay provisions of § 362 have been violated involves a question of law that is subject to *de novo* review. *See In re Slabicki*, 466 B.R. at 577 (citation omitted). Moreover, this appeal involves questions of statutory interpretation, which are reviewed *de novo. See Coffin v. eCast Settlement Corp. (In re Coffin)*, 435 B.R. 780, 784–85 (1st Cir. BAP 2010) (citing *United States v. Tobin*, 552 F.3d 29, 32 (1st Cir.2009)).

### DISCUSSION

Upon the filing of a bankruptcy petition, the Bankruptcy Code imposes an automatic stay prohibiting all collection and enforcement activities against the debtor, his property, and property of the estate. *See* 11 U.S.C. § 362(a). The automatic stay "creates 'breathing room' for debtors, at least temporarily, by foreclosing creditors from pursuing certain collection efforts against the debtor's assets once a petition for bankruptcy has been filed." *Soto–Rios v. Banco Popular de P.R.*, 662 F.3d 112, 116 (1st Cir.2011). However, certain types of actions are ex-

cepted from the automatic stay, as set forth in § 362(b). *See* 11 U.S.C. § 362(b). Our concern is whether the actions taken by the debtor's spouse fell within the "domestic support obligation" exceptions contained in the Bankruptcy Abuse and Prevention Act of 2005 ("BAPCPA").[4] The Bankruptcy Code contains three exceptions to the automatic stay with respect to domestic support obligations. First, the establishment or modification of an order for domestic support obligations is an exception to the automatic stay. 11 U.S.C. § 362(b)(2)(A)(ii). Second, "the collection of a domestic support obligation from property that is not property of the estate" is excepted from the automatic stay. 11 U.S.C. § 362(b)(2)(B). Finally, actions "with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute" are excepted from the automatic stay. 11 U.S.C. § 362(b)(2)(C). If the debtor's spouse had asked for an order establishing alimony and nothing more, her conduct would have been within the first exception under § 362(b)(2)(A)(ii). However, because her actions went beyond mere establishment, her conduct would have been a violation of the automatic stay unless her actions fell within the other exceptions to the automatic stay.

Section 541(a)(1) provides the general rule that property of the bankruptcy estate consists of all legal and equitable interests of the debtor in property as of the commencement of the case, subject to certain exceptions not applicable here. *See* 11 U.S.C. § 541(a)(1). Under § 541(a)(6), the general definition of property of the estate includes "rents" from property of

---

**4.** The term "domestic support obligation" was introduced by BAPCPA, and is broadly defined to include a debt for alimony or child support that "accrues before, on or after" the petition date. *See* 11 U.S.C. § 101(14A).

the estate. *See* 11 U.S.C. § 541(a)(6). In chapter 13 cases, property of the estate is defined as:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306.

While the alimony order does not expressly state what assets were to be used to make the alimony payments, the probate court did determine that the debtor had the ability to make the alimony payments "through his rental income." Moreover, the bankruptcy court indicated that the payments were to be made from the debtor's "post-petition earnings." Thus, it appears that the payments ordered by the probate court were to come from property of the estate in this chapter 13 case. Consequently, the § 362(b)(2)(B) exception allowing for the collection of a domestic support obligation from property that is not property of the estate does not apply. Likewise, because there was no withholding under a judicial or administrative order or a statute, the exception under § 362(b)(2)(C) does not apply.

■ Most of the cases addressing § 362(b)(2)(C) involve wage garnishment orders.[5] A few courts have suggested, as the bankruptcy court concluded here, that an action to collect a domestic support obligation from property of the estate is excepted from the automatic stay under § 362(b)(2)(C) even if the case does not involve a wage garnishment order, as long as there is a court order establishing the obligation. *See, e.g., In re Powers,* No. 09–18607–AJM–13, 2010 WL 942166, 2010 Bankr.LEXIS 825 (Bankr.S.D.Ind. Mar. 12, 2010); *In re Friedberg,* 2009 WL 1292273 at *1–2, 2009 Bankr.LEXIS 1542 at *3–5. However, such cases ignore the qualification in the statutory language that collection of domestic support from property of the estate is limited to payment "under a judicial or administrative order or a statute." *See* 11 U.S.C. § 362(b)(2)(C). Such cases create an exception to the automatic stay permitting collection against both property of the estate and property that is not property of the estate and, in effect, eliminate the second and third exceptions in the statute. We reject this approach. "If the statute's language is plain, the sole function of the

---

5. *See, e.g., In re Gellington,* 363 B.R. at 501–502 (holding that state's post-petition garnishment of chapter 13 debtor's wages to collect back child support was excepted from the automatic stay under § 362(b)(2)(C)); *see also In re Penaran,* 424 B.R. 868, 880 (Bankr. D.Kan.2010) (stating that "garnishment is a form of withholding debtor's income and, accordingly, is excepted from the stay" by § 362(b)(2)(C)); *In re Fort,* 412 B.R. 840, 849 (Bankr.W.D.Va.2009) (determining that state's continued collection of domestic support arrears pursuant to wage deduction order did not violate automatic stay); *In re Worland,* No. 08–2148–AJM–13, 2009 WL 1707512, *1–2, 2009 Bankr.LEXIS 1512, *3–6 (Bankr.S.D.Ind. Jun. 16, 2009) (determining that garnishment of debtor's wages did not violate automatic stay pursuant to § 362(b)(2)(C)); *Peterson v. Peterson (In re Peterson),* 410 B.R. 133, 134–35 (Bankr. D.Conn.2009) (concluding that automatic stay did not bar debtor's spouse from seeking state court order for "the withholding of the [debtor's] income" for payment of domestic support obligation).

674

courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Mass. Museum of Contemporary Art Found., Inc. v. Buchel*, 593 F.3d 38, 50 (1st Cir. 2010) (quoting *Morse v. Rudler (In re Rudler)*, 576 F.3d 37, 44 (1st Cir.2009)). We prefer the approach followed in *Lawida v. Seyffer (In re Lawida)*, BAP No. AZ–10–1443–DkiMy, 2011 WL 4502060, 2011 Bankr.LEXIS 4299 (9th Cir. BAP Aug. 1, 2011), where the court declined to apply the withholding exception in the absence of a wage garnishment order. Such an interpretation gives meaning to the language in the statute and the distinctions between the exceptions created by such language.

### CONCLUSION

For the reasons set forth above, we conclude that the spouse's actions in seeking alimony, and the probate court's entry of the alimony order, did not violate the automatic stay, but the subsequent contempt proceedings and the debtor's incarceration for failure to pay alimony violated the automatic stay. Therefore, we **REVERSE** and **REMAND** to the bankruptcy court for further proceedings consistent with this decision.