**In the Matter of Michael E. WITHEY, Esq., Respondent.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank Stearns GIESE, Defendant-Appellant.**

**No. 74–3407.**

United States Court of Appeals, Ninth Circuit.

Feb. 25, 1976.

As Modified on Denial of Rehearing and Rehearing En Banc Aug. 4, 1976.

---

* Honorable William J. Lindberg, Senior United States District Judge, Western District of Washington, sitting by designation.

See also 9 Cir., 537 F.2d 323, 9 Cir., 537 F.2d 326.

Martha Goldin (argued) of Goldin & Goldin, Hollywood, Cal., and Francis Hoague (argued) of MacDonald, Hoague & Bayless, Seattle, Wash., for Michael E. Withey.

### ORDER

Before WRIGHT and GOODWIN, Circuit Judges, and McGOVERN,* District Judge.

Michael E. Withey, an attorney practicing in Seattle, Washington, was cited to appear before this court on February 20, 1976, to show cause why he should not be penalized for his failure to prosecute the appeal of Giese. On that date Withey's statement was taken in open court and duly considered. Determining his statement to be wholly inadequate, we announced his disbarment in open court on the hearing date.

Giese was indicted on February 28, 1974, and arraigned on March 4, 1974. His trial commenced on October 1, 1974, and concluded on October 16, 1974. Sentencing occurred on November 21, 1974. Giese has been free on bond throughout the appellate process described below.

Withey, as counsel of record, filed Giese's notice of appeal on November 27, 1974. His opening brief was originally due on March 17, 1975. On January 21, 1975, Withey moved for an extension of time. On January 22, his motion was granted. On February 7, 1975, Withey made a second motion for extension of time, which was subsequently granted.

On February 28, 1975, Mr. H. Peter Young became associated with Mr. Withey as co-counsel of record in the Giese appeal. Thereafter, counsel made four more motions for extension of time. Our order granting the last of these four motions required that Giese's opening brief be filed by July 15, 1975. The appeal was calendared for oral argument three times during 1975. Each time it was stricken from the calendar for lack of an opening brief.

Counsel did not file their opening brief on July 15, as required. The United States Attorney, on October 10, 1975, moved to dismiss the appeal for want of prosecution. That motion is still pending before this court.

On January 8, 1976, co-counsel Young appeared before this court to show cause why he should not be penalized for his failure to comply with the Federal Rules of Appellate Procedure and the orders of this court. On that date we ordered Young to file an opening brief by February 19, 1976, at 3:00 P.M.

On January 12, 1976, we ordered Withey to appear before this court on February 20, to "show cause why some penalty should not be assessed against him, including suspension or disbarment, under Rule 46(b) and (c), Federal Rules of Appellate Procedure for his failure to prosecute the appeal with due diligence." The appellate brief was not filed on February 19, nor on February 20, when Withey appeared before this court.

The gist of Withey's argument at hearing was that Young, not he, was charged with the responsibility of meeting the July 15, 1975 and February 19, 1976 deadlines. We recognize that Mr. Young had joint responsibility to insure that Giese's appeal was properly prosecuted so that the defendant's rights would not be jeopardized. However, this by no means excuses Withey's conduct.

*Honorable Walter T. McGovern, United States District Judge for the Western District of Washington, sitting by designation.

Withey has been counsel of record throughout the Giese appeal. By his own admission he took an active role in the still incomplete brief preparation. In his statement he indicated that both he and his client were aware of the February 19 deadline. Withey recognized his obligation to insure that the deadline was met.

Withey was admitted to this court on January 5, 1971. His conduct cannot be explained as that of a novice attorney who knew no better. Throughout the Giese appeal Withey played fast and loose with our judicial machinery. His dilatory tactics finally led the United States Attorney to move for dismissal of the appeal. To subject a client to possible dismissal for no legitimate reason is shoddy, deplorable professional conduct. Attorneys who engage in such conduct have no business practicing before this court.

IT IS ORDERED that Michael E. Withey be suspended from further practice before this court and that he may petition for reinstatement after June 25, 1976, making such showing as he can that he is familiar with and willing to conform to the rules of this court and the obligations placed upon counsel practicing before the court. *In re Edmondson,* 518 F.2d 552 (9th Cir. 1975), and *In re Margolin,* 518 F.2d 551 (9th Cir. 1975).

No petition for rehearing will be entertained. The clerk will correct his records to show suspension instead of disbarment.