**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ERNESTO ADOLFO RECINOS DE LEON,
                    *Petitioner,*

         v.

ALBERTO GONZALES,* Attorney
General,

                  *Respondent.*

No. 02-73352

Agency No.
A72-527-227

ORDER

Filed March 11, 2005

Before: Betty B. Fletcher, Edward Leavy, and
Marsha S. Berzon, Circuit Judges.

---

## ORDER

Respondent, Attorney General Alberto Gonzales, moves that we accept his brief more than three months late. The brief was originally due April 7, 2003. Due to the lack of a prepared administrative record, this date was moved to June 11, 2003. Respondent moved again to delay filing of the administrative record. That motion was granted, making respondent's brief due June 27, 2003. Petitioner's opening brief was timely served on May 28, 2003.

Respondent timely moved for and received an extension to July 28, 2003. On July 10, 2003, this court granted respondent's motion to stay proceedings until October 7, 2003, pending *Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir.

---

*Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. 43(c)(2).

3185

2003). On October 7, the Attorney General again moved for an extension of the date for filing his brief, which he received, with an admonition that further extensions were disfavored. The brief was then due November 6, 2003. On November 5, respondent moved for, and received, a further extension until December 8, 2003. Respondent now represents that he sought a further extension of time in January 2004, but such a motion was never received, and in any event would have been untimely. Respondent's thorough brief was served March 18, 2004, along with an unopposed motion that we accept the tardy filing.

We are not unsympathetic to the workload pressures on the attorney for the respondent. His declaration in support of his motion well explains that the Office of Immigration Litigation is understaffed and its attorneys overworked.[1] But the government and its attorneys, like any other party, must timely request extensions if they are unable to file legal papers when due. Additionally, at some point, scarcity of personnel and resources is no more a reason for the government than for other parties for filing legal papers many months late. Although petitioner does not oppose respondent's motion, we may consider the prejudice to this court as well as that to petitioner. *See Matter of Withey*, 537 F.2d 324, 325-26 (9th Cir. 1976) (suspending attorney whose failure to file a brief required recalendaring of argument three times).

The motion to file respondent's brief late is therefore **DENIED**. The brief received on March 19, 2004, is stricken from the record. No sanctions against the respondent's attorney are appropriate. *See* 9th Cir. R. 31-2.3.

---

[1]The attorney's declaration included a detailed inventory of his workload. We note that, in at least three of the cases he listed, the attorney general's brief was also filed late, after the expiration of numerous extensions. *See Pacquiao v. Ashcroft*, No. 03-70166 (brief served 22 days after expiration of last extension); *Arsen Abrahamyan v. Ashcroft*, No. 03-71980 (14 days); *Garcia-Lopez v. Ashcroft*, No. 03-71609 (8 days).

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2005 Thomson/West.