Ernesto Adolfo RECINOS DE
LEON, Petitioner,

v.

Alberto GONZALES,* Attorney
General, Respondent.

No. 02–73352.

United States Court of Appeals,
Ninth Circuit.

March 11, 2005.

Andrew Knapp, Los Angeles, CA, for
Petitioner.

Regional Counsel, Office of the District
Counsel, Los Angeles, CA, Ronald E. Le-
Fevre, Chief Counsel, Office of the District
Counsel, San Francisco, CA, William
Campbell Erb, Jr., Attorney, Mark C.
Walters, Esq, U.S. Department of Justice,
Washington, DC, for Respondent.

Before B. FLETCHER, LEAVY, and
BERZON, Circuit Judges.

## ORDER

Respondent, Attorney General Alberto
Gonzales, moves that we accept his brief
more than three months late. The brief
was originally due April 7, 2003. Due to
the lack of a prepared administrative rec-
ord, this date was moved to June 11, 2003.
Respondent moved again to delay filing of
the administrative record. That motion
was granted, making respondent's brief
due June 27, 2003. Petitioner's opening
brief was timely served on May 28, 2003.

Respondent timely moved for and re-
ceived an extension to July 28, 2003. On
July 10, 2003, this court granted respon-
dent's motion to stay proceedings until
October 7, 2003, pending *Falcon Carriche
v. Ashcroft*, 350 F.3d 845 (9th Cir.2003).
On October 7, the Attorney General again
moved for an extension of the date for
filing his brief, which he received, with an
admonition that further extensions were

* Alberto Gonzales is substituted for his prede-
cessor, John Ashcroft, as Attorney General of
the United States, pursuant to Fed. R.App. P.
43(c)(2).

disfavored. The brief was then due November 6, 2003. On November 5, respondent moved for, and received, a further extension until December 8, 2003. Respondent now represents that he sought a further extension of time in January 2004, but such a motion was never received, and in any event would have been untimely. Respondent's thorough brief was served March 18, 2004, along with an unopposed motion that we accept the tardy filing.

 We are not unsympathetic to the workload pressures on the attorney for the respondent. His declaration in support of his motion well explains that the Office of Immigration Litigation is understaffed and its attorneys overworked.[1] But the government and its attorneys, like any other party, must timely request extensions if they are unable to file legal papers when due. Additionally, at some point, scarcity of personnel and resources is no more a reason for the government than for other parties for filing legal papers many months late. Although petitioner does not oppose respondent's motion, we may consider the prejudice to this court as well as that to petitioner. *See Matter of Withey,* 537 F.2d 324, 325–26 (9th Cir.1976) (suspending attorney whose failure to file a brief required recalendaring of argument three times).

The motion to file respondent's brief late is therefore **DENIED.** The brief received on March 19, 2004, is stricken from the record. No sanctions against the respondent's attorney are appropriate. *See* 9th Cir. R. 31–2.3.

---

1. The attorney's declaration included a detailed inventory of his workload. We note that, in at least three of the cases he listed, the attorney general's brief was also filed late, after the expiration of numerous extensions.

*See Pacquiao v. Ashcroft,* No. 03–70166 (brief served 22 days after expiration of last extension); *Arsen Abrahamyan v. Ashcroft,* No. 03–71980 (14 days); *Garcia–Lopez v. Ashcroft,* No. 03–71609 (8 days).