MEMORANDUM **
Jerome Zamos appeals the Bankruptcy Appellate Panel’s determination that spousal support payments Jerome owed to his ex-wife, Patricia Zamos, are nondisehargeable debts under 11 U.S.C. § 523(a)(5)(B). We have jurisdiction pur *452 suant to 28 U.S.C. §§ 158(d) and 1291, and we affirm.[1]
At the time Jerome filed for bankruptcy, § 523(a)(5)(B) provided:
A discharge under ... this title does not discharge an individual debtor from any debt ... to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ... but not to the extent that ... such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.
We look to the parties’ intent at the time of a separation agreement to determine whether a payment “is actually in the nature of alimony, maintenance, or support.” In re Sternberg, 85 F.3d 1400, 1405 (9th Cir.1996) (emphasis added), rev’d on other grounds, In re Bammer, 131 F.3d 788 (9th Cir.1997) (en banc). Because, as the bankruptcy court found, the Zamos’s marital settlement agreement in 1982 clearly intended that Jerome was to pay spousal support to Patricia, this debt is nondischargeable. We reject Jerome’s attempt to link the spousal support payments with the equalization payments.
Jerome’s contention that the California Superior Court had no jurisdiction to issue its judgment in Patricia’s favor in 2000 also lacks merit. See In re Siragusa, 27 F.3d 406, 407-08 (9th Cir.1994) (holding that state court had jurisdiction to modify alimony award, even after discharge in bankruptcy); In re Marriage of Clements, 134 Cal.App.3d 737, 746, 184 Cal.Rptr. 756 (1982) (state court permitted to modify spousal award).
Jerome has waived his contention that his due process rights were violated by Patricia’s delay in bringing suit to collect delinquent support payments, as he did not raise it below. See Golden Gate Hotel Ass’n v. City and County of San Francisco, 18 F.3d 1482, 1487 (9th Cir. 1994). Even were we to reach the issue, we would hold that Jerome’s contention is without merit, as the due process clauses of the Fifth and Fourteenth Amendments apply only to the conduct of federal and state actors. See Bingue v. Prunchak, 512 F.3d 1169,1173-74 (9th Cir.2008); Jackson v. Brown, 513 F.3d 1057, 1079-80 (9th Cir.2008).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Jerome's Motion to Strike Improperly Filed Letter & Exhibits is granted because Patricia failed to serve those papers on Jerome. See Fed. R.App. P. 25(b).