**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                          )   BAP No.   CC-15-1284-FKiKu
                                )
MARSHALL SAMUEL SANDERS,        )   Bk. No.   8:15-bk-13011-ES
                                )
            Debtor.             )
_____ )
                                )
MARSHALL SAMUEL SANDERS,        )
                                )
            Appellant,          )
                                )
v.                              )   **MEMORANDUM**[*]
                                )
AMRANE COHEN, Trustee;          )
UNITED STATES TRUSTEE;          )
SELECT PORTFOLIO SERVICING,     )
INC.; WELLS FARGO BANK, N.A.,   )
as Trustee, on Behalf of the    )
Holders of Harborview Mortgage  )
Loan Trust Mortgage Loan Pass-  )
Through Certificates, Series    )
2007-1,[**]                     )
                                )
            Appellees.          )
_____ )

Argued and Submitted on June 23, 2016
at Pasadena, California[***]

Filed – July 15, 2016

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

[**] The Trustee and United States Trustee did not file answering briefs or otherwise participate in this appeal.

[***] Oral argument in this matter was consolidated with the appeal in Sanders v. UST - United States Trustee, Santa Ana (In re Sanders), BAP No. CC-15-1344-FKiKu.

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Erithe A. Smith, Bankruptcy Judge, Presiding

---

Appearances: Richard Lawrence Antognini argued on behalf of Appellant Marshall Samuel Sanders; Conrad V. Sison argued on behalf of Appellees Select Portfolio Servicing, Inc. and Wells Fargo Bank, N.A., as Trustee, on Behalf of the Holders of Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-1.

---

Before: FARIS, KIRSCHER, and KURTZ, Bankruptcy Judges.

## INTRODUCTION

Appellant/chapter 13[1] debtor Marshall Samuel Sanders claims that the bankruptcy court's dismissal of his bankruptcy case violated his due process rights. We hold that the court afforded Mr. Sanders adequate notice and an opportunity to be heard. Accordingly, we AFFIRM.

## FACTUAL BACKGROUND[2]

Mr. Sanders, proceeding pro se, filed his chapter 13 petition on June 15, 2015. The subject petition was his fifth bankruptcy filing in approximately five years. Prior to his current petition, he had filed a chapter 13 case in April 2010, which was converted to chapter 7 and discharged in February 2011;

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and "LBR" references refer to the Local Bankruptcy Rules for the Central District of California.

[2] Ms. Sanders presents us with a limited record. We have exercised our discretion to review the bankruptcy court's docket, as appropriate. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

a chapter 11 case in October 2011, which was dismissed and appealed unsuccessfully to the BAP; another chapter 11 case in May 2013, which was dismissed; and a third chapter 11 case in March 2014, which was also dismissed.

Mr. Sanders' wife, Lydia Ong Sanders, has also filed numerous bankruptcy petitions. Mrs. Sanders filed a chapter 7 case in June 2010 and received a discharge in September 2010; a chapter 13 case in December 2013, which was dismissed; and a chapter 11 case in October 2014, which was also dismissed. Most recently, she filed an unsuccessful chapter 11 petition on September 22, 2015, which is the subject of a separate appeal.

Mr. Sanders filed a motion to extend the automatic stay ("Motion to Extend Stay") because, under § 362(c)(3), the automatic stay was going to expire thirty days after his filing. Appellees Select Portfolio Servicing, Inc. and Wells Fargo Bank, N.A. opposed the Motion to Extend Stay, arguing that the bankruptcy petition was filed in bad faith. After a hearing, the court denied the Motion to Extend Stay, holding that the case was not filed in good faith and that an extension of the automatic stay beyond thirty days was not warranted. Mr. Sanders appealed that order to the BAP, which dismissed the appeal without prejudice.

The court scheduled a plan confirmation hearing ("Hearing") on August 25, 2015. On June 22, chapter 13 trustee Amrane Cohen ("Trustee") filed a one-page Notice that Trustee May Make an Oral Motion to Dismiss or Convert this Case for Cause ("Notice"), wherein he stated:

> NOTICE IS HEREBY GIVEN that on the date, time and

3

in the Courtroom above referenced, the Court will consider confirmation of the Debtor(s)' Chapter 13 Plan. In the event the Debtor(s)' Plan is not confirmed by the Court at that hearing, the Court will also consider the Chapter 13 Trustee's motion to dismiss the case, including dismissal with a 180-day bar against refiling under 11 U.S.C. Section 109(g), or to convert the Chapter 13 Case to Chapter 7, should the Debtor(s) fail to: (1) comply with 11 U.S.C. Section 1307; (2) comply with 11 U.S.C. Section 1322; (3) comply with 11 U.S.C. Section 1325; (4) comply with Local Bankruptcy Rule 3015-1; and/or, (5) comply with orders of the Court.

NOTICE IS FURTHER GIVEN that opposition, if any, to such oral motion by the Trustee may be presented at that hearing.

Mr. Sanders thereafter filed his chapter 13 plan ("Plan"). He identified only one secured creditor, Chrysler Capital, and his Plan only contemplated trustee fees and payments to Chrysler Capital. His schedules disclosed assets totaling $1,267,331.18 and liabilities totaling $187,608.05. He stated that his monthly net income was negative $4,123.07.

Wells Fargo objected to Plan confirmation, arguing that Mr. Sanders was ineligible for chapter 13 relief because of his negative income, material misrepresentations in his petition, and abuse of the bankruptcy process.

Creditor Bank of America[3] also objected to the Plan. In summary, Bank of America argued that Mr. Sanders' Plan did not address its claim; he had filed four previous bankruptcy petitions with no positive change in his finances; he lacked adequate income to fund the Plan; and the Plan failed to provide

---

[3] Bank of America is the holder of a promissory note in the original principal amount of $365,5000 and secured by a deed of trust on Mr. Sanders' real property located in Tustin, California. It alleged that it held a secured claim in the amount of $482,046.74.

4

for ongoing postpetition payments. It requested that the court deny confirmation "and dismiss the Debtor's case, or alternatively, convert the Debtor's case to one under Chapter 7 . . . ."

The United States also objected to Plan confirmation. Among other things, it argued that the Internal Revenue Service had asserted a claim in the amount of $245,913.36, to which Mr. Sanders had not objected. It contended that the Plan did not provide for payment of the IRS's lien, was not filed in good faith, and was not feasible due to Mr. Sanders' negative income.

The day before the Hearing, Mr. Sanders filed a motion to convert the case to chapter 7 or 11 ("Motion to Convert"). He argued that, although his previous three chapter 11 cases were unsuccessful, he should be allowed to convert his case, because "this time is different." He claimed that he had positive income, because he would eliminate $3,000 in monthly attorneys' fees; he would increase the monthly rent on two rental properties by $900 and $1,400 per month, respectively; and he would attempt to reduce his utilities and insurance costs.

The court held the Hearing on August 25, 2015. At the start of the Hearing, the Trustee said, "Your Honor, in this case, the Debtor has not made any plan payments. The schedules that I have show that the Debtor has negative disposable income of minus $4,123 a month. I would request that the case be dismissed." In response, Mr. Sanders stated that he would not object to the dismissal if the court were to convert the case to chapter 11.

However, the court stated that it would not convert the case, but would instead dismiss the case. It discussed its

5

reasons for doing so: (1) the many unsuccessful bankruptcy filings by Mr. Sanders and his wife in the past five years; (2) his failure to list many of his creditors and debts in his current filings, including $800,000 in student loan debt; (3) his failure to make Plan payments; (4) his negative income and inability to fund his Plan; (5) the infeasibility of increasing his monthly rental income; (6) the futility of decreasing his monthly legal expenses (which he admitted he was not then paying); (7) his failure to include in his calculations his mortgage payments, property taxes, and insurance; and (8) the Plan's failure to address the IRS's $50,000 secured claim and $194,000 unsecured claim. Mr. Sanders responded to each of the court's reasons.

Ultimately, the court denied Mr. Sanders' Motion to Convert and dismissed the case with a 180-day bar against refiling. Mr. Sanders timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court violated due process by dismissing Mr. Sanders' bankruptcy case without adequate notice and hearing.

## STANDARD OF REVIEW

The parties disagree about the appropriate standard of review that we should apply to this case. Mr. Sanders urges us to employ de novo review, while Appellees argue for an abuse of

6

discretion standard. Insofar as Mr. Sanders only raises an alleged due process violation - as opposed to an error in the court's finding of cause to dismiss the petition - we review the issues de novo.

"Whether an appellant's due process rights were violated is a question of law we review de novo." DeLuca v. Seare (In re Seare), 515 B.R. 599, 615 (9th Cir. BAP 2014) (citing Miller v. Cardinale (In re DeVille), 280 B.R. 483, 492 (9th Cir. BAP 2002), aff'd, 361 F.3d 539 (9th Cir. 2004)); see also HSBC Bank USA, Nat'l Ass'n v. Blendheim (In re Blendheim), 803 F.3d 477, 497 (9th Cir. 2015) ("Whether adequate notice has been given for the purposes of due process is a mixed question of law and fact that we review de novo."). "De novo review requires that we consider a matter anew, as if no decision had been made previously." Francis v. Wallace (In re Francis), 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

We may affirm on any ground supported by the record. Diener v. McBeth (In re Diener), 483 B.R. 196, 202 (9th Cir. BAP 2012).

**DISCUSSION**

**A.   The Panel will not sanction Mr. Sanders for his untimely opening brief.**

Appellees request that we sanction Mr. Sanders under BAP Rule 8018(a)-1(c), because he filed his opening brief approximately three weeks late.

The Panel declines to strike Mr. Sanders' opening brief or otherwise sanction him for the untimely brief. On December 18, 2015, the day the opening brief was due, Mr. Sanders requested leave to consolidate the present appeal with his wife's appeal

7

and file a joint opening brief by January 8, when his wife's opening brief was due. The motions panel did not immediately issue an order on Mr. Sanders' motion, and Mr. Sanders chose not to file his opening brief that day. Instead, he filed his untimely joint opening brief without leave of court on January 8.

Appellees have failed to articulate any prejudice that they have suffered as a result of the late brief. See Recinos De Leon v. Gonzales, 400 F.3d 821, 822 (9th Cir. 2005) ("we may consider the prejudice to this court as well as that to petitioner" when determining whether to accept a late brief). Moreover, we are reluctant to punish Mr. Sanders for his counsel's actions. See Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187, 1190 (9th Cir. 2003) ("While recognizing that dismissal may be appropriate in some cases, the court shows particular concern for inappropriately punish[ing] the appellant for the neglect of his counsel.").

Accordingly, Appellees' request for sanctions is DENIED.

**B.    The court did not violate Mr. Sanders' due process rights when it dismissed his petition for cause.**

Mr. Sanders does not challenge the substantive bases for the court's dismissal of his case, i.e., dismissal for cause due to his negative income, misrepresentations and discrepancies in his schedules, his erroneous calculations, and exclusion of many creditors and debts, all of which indicate an inability to succeed in chapter 13 or chapter 11. Rather, he only contends that the court denied him due process by failing to afford reasonable notice and an opportunity to be heard. As such, we only consider the due process arguments.

8

### 1. Due process generally requires notice and an opportunity to be heard.

Generally speaking, a court must give sufficient notice of its intention to dismiss a case and the opportunity for interested parties to be heard. See Tennant v. Rojas (In re Tennant), 318 B.R. 860, 870 (9th Cir. BAP 2004) ("the concept of procedural due process requires a notice and an opportunity to be heard" (citing Muessel v. Pappalardo (In re Muessel), 292 B.R. 712, 717 (1st Cir. BAP 2003))). According to the United States Supreme Court:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance.

Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) (citations omitted).

Section 1307(c) provides that, "[o]n request of a party in interest or the United States trustee and after notice and a hearing, the court . . . may dismiss a case under this chapter . . . ." Section 102(1) defines the phrase "after notice and a hearing":

> (1) "after notice and a hearing", or a similar phrase -
>
> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
>
> (B) authorizes an act without an actual hearing if such notice is given properly and if -

9

> (i) such a hearing is not requested timely by a party in interest; or
>
> (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act[.]

"[T]he concept of notice and a hearing is flexible and depends on what is appropriate in the particular circumstance." In re Tennant, 318 B.R. at 870 (citing Great Pac. Money Markets, Inc. v. Krueger (In re Krueger), 88 B.R. 238, 241 (9th Cir. BAP 1988)). A procedure may be "perfectly appropriate" if it "notifies the debtor of the deficiencies of his petition and dismisses the case sua sponte without further notice and a hearing when the debtor fails to file the required forms within a deadline." Id. at 870-71 (citing Minkes v. LaBarge (In re Minkes), 237 B.R. 476, 478-79 (8th Cir. BAP 1999)).

**2. The court did not violate due process when it dismissed Mr. Sanders' petition, because it gave him adequate notice and an opportunity to be heard.**

Mr. Sanders argues that the bankruptcy court deprived him of due process, because it did not comply with the applicable federal and local rules and failed to provide him with adequate notice of the alleged deficiencies in his Plan or allow him a chance to contest those allegations.

First, Mr. Sanders contends that he did not receive adequate notice of the issues raised by the Trustee's Notice. He argues that the Notice did not comply with the local rules, because it was not a formal, written motion and was served less than twenty-one days before the Hearing. Mr. Sanders states that the Notice did not inform him of the particular subsections that he allegedly violated and did not provide supporting facts.

10

Additionally, he says that Bank of America's request for dismissal in its opposition to Plan confirmation was untimely and not a "formal, written motion to dismiss."

Second, Mr. Sanders argues that he did not have a reasonable opportunity to be heard. He says that he was caught "flat-footed" and that "he did not have the opportunity to present complete arguments and fully-developed facts."

### a.    Mr. Sanders failed to raise any due process violation before the bankruptcy court.

Mr. Sanders did not raise the due process issue before the bankruptcy court or otherwise object to the notice or hearing afforded by the court. As such, he has waived this issue. See Yamada v. Nobel Biocare Holding AG, --- F.3d ----, 2016 WL 3207650, at *5 (9th Cir. Apr. 20, 2016) ("[g]enerally, an appellate court will not hear an issue raised for the first time on appeal"); Ezra v. Seror (In re Ezra), 537 B.R. 924, 932 (9th Cir. BAP 2015) ("Ordinarily, federal appellate courts will not consider issues not properly raised in the trial courts."). A debtor's failure to raise due process challenges before the bankruptcy court waives such claims on appeal. See Zamos v. Zamos (In re Zamos), 300 F. App'x 451, 452 (9th Cir. 2008) ("Jerome has waived his contention that his due process rights were violated by Patricia's delay in bringing suit to collect delinquent support payments, as he did not raise it below.").

### b.    The court afforded Mr. Sanders ample notice and opportunity to be heard before dismissing his bankruptcy case.

Even assuming that Mr. Sanders properly raised a due process violation before the bankruptcy court, the record shows that the

11

court afforded him adequate notice and an ample opportunity to be heard prior to dismissing his case.

As for adequate notice, Mr. Sanders contends that the Notice and Bank of America's opposition were insufficient to constitute "formal written motions." This argument assumes that due process requires a "formal, written motion." The assumption is false. Due process does not require a motion. Even in the absence of a motion to dismiss by a party, the court may sua sponte raise the issue of dismissal. See In re Tennant, 318 B.R. at 869 (in construing § 1307(c)(9), "[t]he court can dismiss a case sua sponte under Section 105(a)," because that section "'makes crystal clear' the court's power to act sua sponte where no party in interest or the United States trustee has filed a motion to dismiss a bankruptcy case" (citations omitted)).

Even more importantly, due process does not require that notice be given in any particular form. Notice is sufficient for due process purposes if it is "reasonably calculated, under all the circumstances," to inform the recipient of the nature of the case and the recipient's opportunity to respond. See Mullane, 339 U.S. at 314.

Mr. Sanders had more than adequate notice of the arguments against him.[4] On the whole, the combination of the Notice[5] filed

---

[4] Mr. Sanders seems to believe that violation of the rules, in and of itself, amounts to a violation of due process. He is mistaken. See Wade v. State Bar of Ariz. (In re Wade), 948 F.2d 1122, 1125 (9th Cir. 1991) (although "[t]here was a violation of the local Bankruptcy Rules[,]" insofar as the debtors had a "meaningful opportunity" to be heard and the bankruptcy court "thoroughly considered" the debtors' arguments, there was no

(continued...)

12

by the Trustee and the objections to Plan confirmation filed by Wells Fargo, Bank of America, and the United States sufficiently detailed the grounds for denying confirmation of the Plan or dismissing Mr. Sanders' case. These included Mr. Sanders' previous failed attempts in chapter 11; the inconsistencies between the present petition and Plan and his prior bankruptcy filings; the omission of many creditors and debts in his petition and Plan; Mr. Sanders' negative income; and the falsity of his Plan calculations. Mr. Sanders received adequate notice that his Plan was deficient and that the Trustee would seek to dismiss the petition.

Moreover, just over a month before the Hearing, the court outlined the many problems with Mr. Sanders' bankruptcy filings when it denied the Motion to Extend Stay. When the court denied the motion for lack of good faith, it recounted his past failed attempts in bankruptcy and his many state court filings; the $800,000 in student debt omitted from his current schedules; his negative monthly income; the fact that his monthly income had worsened from his previous case, indicating no regular income to fund a chapter 13 plan; the fact that the Plan proposed to pay

[4](...continued)
violation of due process).

[5] We express no opinion on the question whether the Notice, standing alone, would have satisfied the requirements of due process. The Notice appears to be a standard form document that contains no facts specific to Mr. Sanders' case and cites Code sections without any indication of how they support the dismissal of Mr. Sanders' case. The Notice did not stand alone, however; considering all of the information provided to Mr. Sanders, he had adequate notice.

only the claim of one automobile loan creditor, which "renders the plan unconfirmable"; and his failure to list all of his debts. Mr. Sanders cannot claim that he was "caught flat-footed" and unaware of these deficiencies only a month later.

Tellingly, only a day before the Hearing, Mr. Sanders saw the writing on the wall and filed his Motion to Convert. Therein, he argued that, unlike his previous unsuccessful bankruptcy petitions, "this time is different," because he would cut expenses and increase income.

We hold that Mr. Sanders had adequate notice required by due process.

As for an opportunity to be heard, Mr. Sanders claims that he was deprived of the opportunity to present his position. However, the Hearing transcript makes clear that the court not only allowed him to present his arguments, but went through each of the bases for dismissal and afforded him an opportunity to address each issue. The majority of the Hearing was occupied by dialogue between Mr. Sanders and the court, and he had more than ample opportunity to present his arguments and provide any evidence. The court even allowed him to continue arguing while the court was making its ruling. Accordingly, prior to the dismissal of his case, Mr. Sanders had an ample opportunity to be heard.

### c. Mr. Sanders did not suffer any prejudice.

Even if Mr. Sanders' due process rights were violated, he has not suffered any prejudice.

Even in cases where a bankruptcy court errs by failing to provide adequate notice and hearing, the debtor must show

14

prejudice from the procedural deficiencies. See Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 776-77 (9th Cir. 2008) ("Because there is no reason to think that, given appropriate notice and a hearing, Rosson would have said anything that could have made a difference, Rosson was not prejudiced by any procedural deficiency."). In Rosson, the Ninth Circuit held that the debtor was deprived of a meaningful opportunity to be heard; nevertheless, because he could "show no prejudice arising from the defective process afforded him[,]" the bankruptcy court properly converted the case to chapter 7. Id. (citations omitted); City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim, Ltd.), 22 F.3d 954, 959 (9th Cir. 1994) (rejecting due process claim for lack of prejudice where debtor could not show that any different or additional arguments would have been presented if bankruptcy court had timely approved petition for new counsel).[6]

---

[6] Mr. Sanders cites In re Blendheim, 803 F.3d at 497, supposedly for the proposition that "a denial of due process should carry with it a presumption of prejudicial error." Blendheim does not stand for that proposition and makes no mention of a presumption of prejudice. If anything, Blendheim actually supports our conclusion. In Blendheim, a creditor appealed from an order voiding the creditor's lien. The creditor argued (among other things) that it did not receive adequate notice. The Ninth Circuit rejected this argument, holding that the creditor received notice that its lien might be affected when the debtors filed the objection to proof of claim. The court cited United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010) ("[b]ecause United received actual notice of the filing and contents of Espinosa's plan, which United acknowledged by filing a proof of claim, . . . '[t]his more than satisfied United's due process rights'"). In re Blendheim, 803 F.3d at 498. Although Espinosa and Blendheim were decided in different contexts from the present case, they demonstrate that due process
(continued...)

15

Here, Mr. Sanders has not articulated any prejudice that he suffered as a result of the court's procedure concerning the Hearing. At oral argument before the Panel, Mr. Sanders' counsel argued that we cannot know what arguments Mr. Sanders would have made if he had gotten more notice, and therefore we cannot rule out the possibility that the alleged lack of notice prejudiced him. But Mr. Sanders did not argue before this Panel that the bankruptcy court erred on the merits; in other words, apart from his procedural argument, he did not give the Panel any reason to think that his case should not have been dismissed. His inability to give us any persuasive substantive arguments against dismissal proves that he could not have made any such arguments before the bankruptcy court even if he had been given more notice. We fail to see how Mr. Sanders "would have said anything that could have made a difference." See In re Rosson, 545 F.3d at 777.

Accordingly, even if the court had violated Mr. Sanders' due process rights (and it did not), Mr. Sanders was not prejudiced in any way.[7]

---

[6](...continued) notice is "flexible" and does not require any specific or formal procedure.

[7] Our decision to affirm the dismissal in Mr. Sanders' case is distinguishable from our decision to vacate the dismissal of Mrs. Sanders' chapter 11 petition in a separate appeal also before us (BAP No. CC-15-1344-FKiKu). Mr. Sanders had notice of the possible dismissal of his case and the grounds therefor, and the court heard him at length. In Mrs. Sanders' case, the court summarily dismissed the petition at the filing desk by way of a short, handwritten note with no notice or opportunity to be

(continued...)

**CONCLUSION**

For the reasons set forth above, we AFFIRM the bankruptcy court's dismissal of Mr. Sanders' bankruptcy petition.

---

[7](...continued)
heard.